# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRETT A. BERGAMO, | |
| Plaintiff, | CASE NO. 2:17-cv-01351-JRC |
| v. | ORDER ON PLAINTIFF'S COMPLAINT |
| NANCY A. BERRYHILL, Deputy Commissioner of the Social Security Administration for Operations, | |
| Defendant. | |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see* Dkt. Entry dated 9/11/2017). This matter has been fully briefed. *See* Dkt. 9, 10. Plaintiff did not file a reply.

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating plaintiff's testimony and allegations. Defendant contends that plaintiff's activities of daily living such as his ability to be independent in his self-care,

including preparing meals and some household chores; and to drive a car, go shopping, have a savings account, use a checkbook, spend time with others, get along with family friends or neighbors, and get along with various treatment providers "suggest plaintiff's symptoms are not as limiting as he has claimed." Dkt. 10, p. 8. However, that is not the proper standard to apply when determining if activities of daily living properly can support the failure to credit fully a claimant's allegations and testimony.

Because neither defendant nor the ALJ has directed the Court to any evidence that plaintiff's activities of daily living are transferable to a work setting, or that they demonstrate a specific inconsistency with plaintiff's other testimony, the ALJ's reliance on plaintiff's activities of daily living when failing to credit fully plaintiff's allegations and testimony is legally erroneous.

Also, because the other rationale relied on by the ALJ cannot be the sole rationale relied on for the failure to credit fully a claimant's allegations, this matter must be reversed and remanded to the Administration for further administrative proceedings consistent with this Order.

BACKGROUND

Plaintiff, BRETT A. BERGAMO, was born in 1969 and was 44 years old on the alleged date of disability onset of August 1, 2013. *See* AR. 198-99, 201-09. Plaintiff completed the tenth grade. AR. 46-47. Plaintiff last worked as a painter, painting apartment interiors, but stopped working when he became too sick. AR. 49-53.

According to the ALJ, plaintiff has at least the severe impairments of "diabetes mellitus; pancreatitis; depressive disorder; generalized anxiety disorder; attention deficit

hyperactive disorder (ADHD); alcohol dependence; and opioid dependence. (20 CFR 404.1520(c) and 416.920(c))." AR. 24. At the time of the hearing, plaintiff was living with a friend in his friend's condo. AR. 62-63.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 80, 93, 106, 120. Plaintiff's requested hearing was held before Administrative Law Judge Virginia M. Robinson ("the ALJ") on July 22, 2015. *See* AR. 41-79. On April 6, 2016, the ALJ issued a written decision in which she concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 19-40.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**1. The Secretary's decision is not supported by substantial evidence nor was the proper legal standard applied.**

Plaintiff contends that the ALJ erred when failing to credit fully plaintiff's allegations and testimony. *See* Dkt. 9. Defendant contends that plaintiff "has not

presented any evidence that could reasonably produce the level of limitation he has claimed." Dkt. 10, p. 5. However, this is not the proper standard, as although defendant is correct that plaintiff has the burden of producing evidence supportive of his claim, he does not have to produce objective medical evidence demonstrating the specific level of limitation, as described below.

The determination of whether or not to accept a claimant's testimony regarding subjective symptoms requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, *supra*, 80 F.3d at 1281-82 (citing *Cotton v. Bowen*, 799 F.2d 1407-08 (9th Cir. 1986)). First, the ALJ must determine whether or not there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen, supra*, 80 F.3d at 1281-82. Here, the ALJ found numerous severe impairments that reasonably could cause plaintiff's alleged symptoms. *See* AR. 24, 29.

Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*) (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13 (this Ruling emphasizes that the Administration "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual").

Here, defendant contends that the ALJ's failure to credit fully plaintiff's allegations and testimony was appropriate because the level of limitation alleged is not supported by the objective medical evidence. *See* Dkt. 10, pp. 5-7. However, as just noted, once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit then a claimant's testimony as to the severity of symptoms based solely on a lack of objective medical evidence to corroborate fully the alleged severity of pain or other symptoms. *See Bunnell*, 947 F.2d at 343, 346-47 (citing *Cotton, supra*, 799 F.2d at 1407); Social Security Ruling ("SSR") 16-3p, 2016 SSR LEXIS 4 at *12-*13.

The only other rationale presented by defendant in support of the ALJ's rejection of plaintiff's physical and mental complaints is the ALJ's discussion of plaintiff's activities of daily living, which, arguably, was not even relied on by the ALJ when failing to credit fully plaintiff's allegations. *See* Dkt. 10, pp. 5-6. Defendant contends that plaintiff's activities of daily living suggest that "plaintiff's symptoms are not as limiting as he has claimed." *Id*. at 8. As noted, this is not the appropriate standard.

Regarding activities of daily living, the Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . . does not in any way detract from h[is] credibility as to h[is] overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn, supra*, 495 F.3d at 639 (citing *Fair, supra*,

885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse determination regarding if a claimant's statements should be credited. *Orn, supra*, 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

The ALJ did not make any specific findings relating to the daily activities and their transferability to a work setting. Furthermore, neither the ALJ, nor defendant, has directed the Court to any evidence in the record that plaintiff's activities of daily living are contradicted by his other allegations or limitations. Therefore, the ALJ erred when relying on plaintiff's activities of daily living as a basis for failing to credit fully plaintiff's allegations and testimony regarding his physical and mental complaints. *See id*.

For the reasons stated and based on the record as a whole, the Court concludes that defendant's argument that the ALJ's failure to credit fully plaintiff's allegations because of his activities of daily living and the lack of adequate substantiation from the objective medical evidence is not persuasive. The Court also concludes that the ALJ's error when failing to credit fully plaintiff's allegations and testimony is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error

harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, as noted by the ALJ, plaintiff alleged that his impairments affect his ability to do physical activities . . . . [and he] testified that when he last worked, he was only able to work half days per week. He stated that he had to reschedule often due to sickness and abdominal pain." AR. 28-29 (citations omitted). Fully crediting plaintiff's allegations likely would lead to a finding of disability, as competitive work generally must be full-time. *See* 20 C.F.R. § 404.1545(b) ("When we assess your physical abilities, we first assess the nature and extent of your physical limitations and then determine your residual functional capacity for work activity on a regular and continuing basis").

For the reasons stated and based on the record as a whole, the Court cannot conclude with confidence "that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout,* 454 F.3d at 1055-56). Therefore, the error is not harmless and this matter must be reversed.

## 2. What is the proper remedy?

Plaintiff requests that this matter be remanded with a direction to award benefits. Defendant contends that this case is not one of the rare cases in which that would be appropriate.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292).

Although plaintiff argues that "he is entitled to benefits based upon the current record," plaintiff presents no specific argument as to why this case represents one of the "rare circumstances," in which that would be appropriate. *See Benecke*, 379 F.3d at 595 (citations omitted). Plaintiff bears the burden of proving disability within the meaning of the Social Security Act (hereinafter "the Act"). *See Bowen v. Yuckert*, 482 U.S. 137, 140,

146 n. 5 (1987); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (footnote omitted). The Court will not carry this burden for plaintiff.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 2nd day of April, 2018.

_____
J. Richard Creatura
United States Magistrate Judge